IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE JAMES MADISON PROJECT and MATTHEW COLE, <br><br> Plaintiffs, <br><br> v. <br><br> CENTRAL INTELLIGENCE AGENCY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:07cv02306 (RBW) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ANSWER

Defendant Central Intelligence Agency ("CIA"), by its undersigned attorneys, hereby answers plaintiffs' First Amended Complaint (the "Complaint") as follows:

1. Paragraph 1 of the Complaint contains plaintiffs' legal conclusions regarding jurisdiction for this action, to which no response is required. To the extent a response is deemed required, deny.

2. Paragraph 2 of the Complaint contains plaintiffs' legal conclusions regarding venue for this action, to which no response is required. To the extent a response is deemed required, admit1.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and so denies them.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, and so denies them.

5. Deny except to admit that CIA is a federal agency within the meaning of 5 U.S.C. §552(e) and admit that the CIA possesses some documents responsive to plaintiffs' FOIA requests.

6. Admit.

7. Deny except to admit that videotapes were destroyed in November 2005.

8. Admit that CIA Director Michael V. Hayden issued a statement to CIA employees. The remainder of paragraph 8 contains plaintiffs' characterization of that statement, to which no response is required. To the extent that a response is deemed required, defendant denies the allegations on the ground that the statement speaks for itself and respectfully refers the Court to the statement for a complete and accurate statement of its contents.

9. Deny.

10. Deny.

11. Admit the CIA did not disclose the videotapes to the September 11th Commission. The remainder of paragraph 11 contains plaintiffs' characterization of public statements, to which no response is required. To the extent that a response is deemed required, defendant denies the allegations on the ground that the statements speak for themselves and respectfully refers the Court to the statements for a complete and accurate statement of their contents.

12. Admit that the September 11th Commission never specifically asked for tape recordings of detainee interrogations. Defendant lacks knowledge or information sufficient to form a belief as to the claims in the remainder of paragraph 12, and so denies them, with the exception of the quoted public statement, to which no response is required. To the extent a response is deemed required to the public statement, defendant denies the allegations on the ground that the statement speaks for itself and respectfully refers the Court to the statement for a complete and accurate statement of its contents.

13. Admit that the U.S. Department of Justice and the CIA Office of Inspector General opened a joint preliminary inquiry into the destruction of videotapes on December 8, 2007.

Admit that the Senate and House intelligence committees announced that they would open investigations. Deny the remainder of paragraph 13.

14. Defendant lacks knowledge or information sufficient to form a belief as to the claims in paragraph 14, and so denies them, except to admit that the CIA agreed on December 19, 2007 to make documents relating to the destruction of videotapes available to the House Permanent Select Committed on Intelligence ("HPSCI") and that CIA Acting General Counsel John A. Rizzo testified in closed session before the HPSCI on January 16, 2008.

15. Admit that on January 2, 2008, Attorney General Michael B. Mukasey announced that the Department of Justice would conduct a formal criminal investigation, headed by John H. Durham, First Assistant United States Attorney in the United States Attorney's Office for the District of Connecticut. Defendant lacks knowledge or information sufficient to form a belief as to why the Department of Justice determined that a criminal investigation was warranted, and so denies the remainder of paragraph 15.

16. Admit that Representative Jane Harman wrote a letter dated February 10, 2003, which was publicly released on January 3, 2008. The remainder of paragraph 16 contains characterizations of that letter, to which no response is required. To the extent that a response is deemed required, defendant denies the allegations on the ground that the letter speaks for itself and respectfully refers the Court to the letter for a complete and accurate statement of its contents.

17. Deny.

18. Admit that Jose A. Rodriguez, Jr., who at the time was the Deputy Director for Operations, was involved in the decision to destroy the videotapes. The remainder of the sentence consists of a characterization, to which no response is required. Defendant lacks

knowledge or information sufficient to form a belief as to the specific reports referenced in paragraph 18 or their contents, and so denies those claims. Defendant lacks knowledge or information sufficient to form a belief as to the claim that Mr. Rodriguez refused to testify, and so denies it.

19. Paragraph 19 of the Complaint concerns events currently subject to investigation, and consists of legal conclusions, to which no response is required.

20. Defendant lacks knowledge or information sufficient to form a belief as to the claims in paragraph 20, and so denies them, except to state that the CIA's Annual FOIA Report is a publicly available document and no response is required for the claims regarding that document. To the extent that a response is deemed required with respect to the report, defendant denies the allegations on the ground that the report speaks for itself and respectfully refers the Court to the report for a complete and accurate statement of its contents.

21. Defendant repeats its answers to paragraphs 6 through 20 above.

22. Admit that plaintiff James Madison Project submitted a FOIA request dated December 9, 2007. The remainder of paragraph 22 contains plaintiffs' characterization of that FOIA request, to which no response is required. To the extent a response is deemed required, defendant denies the allegations on the ground that the request speaks for itself and respectfully refers the Court to the statement for a complete and accurate statement of its contents.

23. Admit.

24. Admit the first sentence of paragraph 24. Deny the second sentence, and aver that pursuant to the CIA regulations, "'Days' means calendar days when the Agency is operating and specifically excludes Saturdays, Sundays, and legal public holidays. Three (3) days may be

4

added to any time limit imposed on a requester by this part if responding by U.S. domestic mail." 32 C.F.R. § 1900.02.

25. Admit that the CIA denied the James Madison Project's request for expedited processing by letter dated December 19, 2007; Defendant lacks knowledge or information sufficient to form a belief as to the claims in the remainder of paragraph 25, and so denies them.

26. Deny.

27. Deny.

28. Paragraph 28 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is deemed required, deny.

29. As defendant has not yet completed processing the Plaintiffs' FOIA request, defendant lacks knowledge or information sufficient to form a belief as to the claims in paragraph 29, and so denies them.

30. Defendant repeats its answers to paragraphs 6 through 20 above.

31. Admit.

32. Admit that the CIA denied the James Madison Project's request for expedited processing by letter dated December 19, 2007; Defendant lacks knowledge or information sufficient to form a belief as to the claims in the remainder of paragraph 32, and so denies them.

33. Deny.

34. Paragraph 34 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is deemed required, deny.

35. Deny.

36. Defendant repeats its answers to paragraphs 6 through 20 above.

37. Admit that plaintiff Cole submitted a FOIA request dated December 27, 2007. The remainder of paragraph 37 contains plaintiffs' characterization of that FOIA request, to which no response is required. To the extent that a response is deemed required, defendant denies the allegations on the ground that the request speaks for itself and respectfully refers the Court to the statement for a complete and accurate statement of its contents.

38. Admit.

39. Admit the first sentence of paragraph 39. Deny the second sentence, and aver that pursuant to the CIA regulations, "'Days' means calendar days when the Agency is operating and specifically excludes Saturdays, Sundays, and legal public holidays. Three (3) days may be added to any time limit imposed on a requester by this part if responding by U.S. domestic mail." 32 C.F.R. § 1900.02.

40. Admit.

41. Paragraph 41 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is deemed required, deny.

42. As Defendant has not yet completed processing the plaintiff Cole's FOIA request, defendant lacks knowledge or information sufficient to form a belief as to the claims in paragraph 42, and so denies them.

The remainder of the Complaint sets forth plaintiffs' request for relief, to which no response is required. To the extent that a response is deemed required, defendant denies the remaining allegations and denies that plaintiffs are entitled to any relief.

FIRST AFFIRMATIVE DEFENSE

Because plaintiff James Madison Project's FOIA request is identical to plaintiff Cole's FOIA request, and the CIA granted plaintiff Cole expedited processing, plaintiff James Madison Project's claims regarding denial of expedited processing are moot and should be dismissed.

SECOND AFFIRMATIVE DEFENSE

Defendant objects to the Complaint to the extent that answering it imposes obligations upon it that exceed those imposed by the FOIA.

THIRD AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to compel the production of records protected from disclosure by any applicable exemptions.

Dated: February 19, 2008

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director

 /s/ Vesper Mei
VESPER MEI
(D.C. Bar No. 455778)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
Post Office Box 883
Washington, D.C. 20044
Telephone:  (202) 514-4686
Facsimile:  (202) 616-8470 (fax)
E-mail: vesper.mei@usdoj.gov

Counsel for Defendant