IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE JAMES MADISON PROJECT, )<br>and MATTHEW COLE, )<br>          )<br>          Plaintiffs, )<br>          )<br>     v.   )<br>          )<br>CENTRAL INTELLIGENCE AGENCY, )<br>          )<br>          Defendant. )<br>          ) | Case No. 1:07cv02306 (RBW) |

## DEFENDANT'S REPLY IN FURTHER SUPPORT OF STAY OF PROCEEDINGS

### INTRODUCTION

On June 9, 2008, defendant Central Intelligence Agency ("CIA") filed its opening brief in support of a stay of proceedings in this Freedom of Information Act ("FOIA") case, and plaintiffs' opposition was initially due on June 23, 2008. Counsel for plaintiffs had informed counsel for defendant that the plaintiffs opposed this motion. Plaintiffs, however, did not file an opposition on June 23, but instead the following day filed a motion for an extension of time until July 7, 2008 to respond to defendant's motion, and until July 21, 2008 for defendant to file its reply. Plaintiffs' Nunc Pro Tunc Motion for an Extension of Time To Respond to Defendant's Motion for a Stay of Proceedings (June 24, 2008), Docket #8. In their motion, plaintiffs stated: "To be perfectly candid, however, while the plaintiffs would have respectfully sought an extension of time to respond under the circumstances, this deadline simply escaped notice until today. It is not counsel's practice to file late motions and all efforts will be undertaken to assure it does not happen again." Id. On June 30, 2008, this Court granted plaintiffs' motion for extension of time.

To date, plaintiffs have not filed an opposition to defendant's motion for stay. In the absence of the filing of either a motion for enlargement of time, or any substantive response to defendant's motion, plaintiffs should be deemed to have conceded defendant's motion, which should now be granted.

## ARGUMENT

I. **IN THE ABSENCE OF AN OPPOSITION BRIEF, THIS COURT SHOULD TREAT DEFENDANT'S MOTION FOR STAY AS CONCEDED.**

Local Civil Rule 7(b) governs the time for the filing of an opposition brief, and provides:

> Within 11 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.

On June 30, 2008, this Court granted Plaintiffs' Nunc Pro Tunc Motion for an Extension of Time To Respond to Defendant's Motion for a Stay of Proceedings, which was filed one day after plaintiffs' opposition was originally due. Based on that motion, plaintiffs' opposition was due on July 7, 2008, and defendant's reply was due on July 21. Since that date, plaintiffs have filed neither an additional motion for extension of time (even though the due date for the filing has already passed) nor an opposition. As a result, the court has no basis on which to deny defendant's motion, and "may treat the motion as conceded" pursuant to Local Rule 7(b). Institute for Policy Studies v. Central Intelligence Agency, 246 F.R.D. 380, 385 (D.D.C. 2007); accord Harrison v. Snow, 2004 WL 2915335 (D.C. Cir. 2004); Peoples v. Potter, 2008 WL 2169662 (D.D.C. 2008).

**II.     PLAINTIFFS HAVE FILED NO MOTION FOR EXTENSION OF TIME AND HAVE NOT SHOWN "EXCUSABLE NEGLECT."**

Federal Rule of Civil Procedure 6(b) governs extensions of time for filings in the district court. That rule provides that if the time for filing has expired (as it has in this case), "the court may, for good cause, extend the time . . . on motion made . . . if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In this case, plaintiffs have not moved to extend the time for their opposition to defendant's motion for stay of proceedings, and the Court may not entertain a late response to defendant's motion as a result.

In <u>Smith v. District of Columbia</u>, 430 F.3d 450, 456 (D.C. Cir. 2005), the D.C. Circuit noted that the Supreme Court had "emphasized that post-deadline extensions may be granted only 'for cause shown' and 'upon motion.'" <u>Id.</u> (quoting <u>Lujan v. National Wildlife Federation</u>, 497 U.S. 871, 896 (1990)). In <u>Smith</u>, the District had never moved for an extension of time by which to file a summary judgment motion, but had filed one well after the deadline for the filing of summary judgment motions. The trial court nonetheless granted the late motion, without discussing the lack of request for extension. <u>Id.</u> The D.C. Circuit reversed with respect to the grant of summary judgment on the late motion, stating: "In the absence of any motion for an extension, the trial court had no basis on which to exercise its discretion. . . . Under these circumstances, then, we are compelled to conclude that the district court abused its discretion in entertaining the late motion for summary judgment on [plaintiff's] disability claim." <u>Id.</u> at 457.

In <u>Institute for Policy Studies v. Central Intelligence Agency</u>, 246 F.R.D. 380 (D.D.C. 2007), the court followed the <u>Smith</u> rule. In that case, the defendant filed an opposition to the plaintiff's motion for discovery four days late. <u>Id.</u> at 382. After the court struck the opposition,

"noting that it was untimely and not accompanied by a motion for enlargement evidencing excusable neglect pursuant to what was then Rule 6(b)(2) of the Federal Rules of Civil Procedure and Smith v. District of Columbia," the defendant filed an unopposed motion to extend nunc pro tunc, seeking that its opposition be accepted by the court, and explaining that its untimeliness was due to an "inadvertent [] mis-calendaring of the due date." Id.  The court, however, denied the motion to extend, stating that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect" under Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd, P'ship, 507 U.S. 380, 395 (1993), and as a result, that the "inadvertent [] mis-calendaring" did not constitute excusable neglect under Rule 6(b). Institute for Policy Studies, 246 F.R.D. at 384 (collecting cases showing that "[t]he case law from this court is replete with examples of untimely filings being rejected where the only triggering Pioneer factor was, as is the case here, a mistake made by counsel").  Similarly, here, where plaintiffs have not filed a motion to extend the time by which to respond to defendant's motion for stay, and have shown no excusable neglect, the Court has no basis on which to entertain any late response by plaintiffs.

## CONCLUSION

For the foregoing reasons, as well as those set forth in defendant's opening brief, defendant's motion for stay of proceedings should be granted.

Dated: July 21, 2008

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director


  /s/ Vesper Mei
VESPER MEI
(D.C. Bar No. 455778)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
Post Office Box 883
Washington, D.C. 20044
Telephone:  (202) 514-4686
Facsimile:  (202) 616-8470 (fax)
E-mail: vesper.mei@usdoj.gov

Counsel for Defendant