UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES MADISON PROJECT <u>et al.</u> | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | |
| | * | |
| CENTRAL INTELLIGENCE AGENCY | * | Civil Action No. 07-2306 (RBW) |
| | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S NUNC PRO TUNC MOTION FOR AN EXTENSION
OF TIME TO SUBMIT OPPOSITION TO DEFENDANT'S MOTION
<u>FOR A STAY OF PROCEEDINGS</u>**

NOW COME the plaintiffs James Madison Project ("JMP") and Matthew Cole, by and through their undersigned counsel, to respectfully move the Court for a nunc pro tunc extension of time to on or before Monday, July 21, 2008, in which to submit their response, which is being filed contemporaneously, to the defendant Central Intelligence Agency's Motion for a Stay of Proceedings.

The response was initially due to be filed June 23, 2008, and later extended to July 7, 2008. The CIA's Reply was scheduled for July 21, 2008, but a series of circumstances led the undersigned to inadvertently believe the plaintiffs' filing deadline to be today. As such, this is the plaintiffs' second request and it is being filed with a great degree of personal and professional embarrassment, and the undersigned counsel of record express their sincere apologies for their inexcusable failure to appropriately maintain their calendar schedules.

This is a Freedom of Information Act ("FOIA") lawsuit seeking records pertaining to the defendant's destruction of video tapes concerning detainee interrogations. The defendant's present motion was originally filed on June 9, 2008, which set June 23, 2008, as the responsive deadline. That date was inadvertently missed and the undersigned filed for an extension on June 24, 2008 seeking July 7, 2008, as the new date. Counsel noted it

"is not counsel's practice to file late motions and all efforts will be undertaken to assure it does not happen again." While that sentiment remains true, the undersigned has admittedly demonstrated a lousy job of living up to their assertions.

This latest mishap was a cluster of misunderstandings and miscommunication between Messrs. Zaid and Mr. Moss, notwithstanding the fact that the initial deadline of two weeks ago was obviously requested by the undersigned. Unfortunately, the deadline was not modified in counsel's calendar and Mr. Zaid relied upon Mr. Moss's mistaken belief, erroneous as it turned out to be, that the July 21, 2008 deadline for the CIA was, in fact, that of the plaintiffs. Deadlines became more convoluted and confusing due to the fact there are no less than four JMP FOIA lawsuits each with pending motions being briefed at the same time and each of which is also against the CIA. In addition to this case the undersigned is handling <u>James Madison Project v. CIA</u>, Civil Action No. 07-01154 (D.D.C.)(RMU)(summary judgment opposition filed July 1, 2008), <u>James Madison Project v. CIA</u>, Civil Action No. 07-01382 (D.D.C.)(RMU)(summary judgment opposition filed July 14, 2008) and <u>James Madison Project v. CIA</u>, Civil Action No. 08-708 (D.D.C.)(JR)(motion for summary judgment filed July 14, 2008).

Plaintiffs' counsel could recount the numerous overwhelming administrative and litigation burdens that they are currently facing and no doubt had a proper request been filed for a second extension of time the Court would have graciously granted it, as has usually been the case in the more than six years that counsel has practiced before his Honor. That said, there simply is no justification to assert for this mishap, nor any legitimate excuse other than counsel is human and mistakes happen, and the consequences, if any, will be accepted and deserved. Counsel assures the Court that steps have been taken to avoid this type of mistake in the future.

Of course, it should be noted, particularly as this is a simple FOIA lawsuit, that this delay has caused the defendant absolutely no prejudice whatsoever. Indeed, the CIA actually benefited from this delay as the very relief being sought by the CIA is a stay of

proceedings. The only harm suffered is that to the reputation and egos of the undersigned, and it is hoped that this Court will not punish the plaintiffs, who are only seeking to pursue positive public interests through FOIA, for the mistakes of their lawyers.

Plaintiffs' counsel has discussed this request with counsel for the defendant and she has understandably indicated the defendant objects to the granting of this Motion. The plaintiffs consent to whatever reasonable amount of time the defendant requires, or this Court believes appropriate, for filing a Reply if this Motion is granted.

The granting of this motion shall not result in the continuance of any hearing, conference or trial. A proposed Order accompanies this Motion.

Date:  July 21, 2008

              Respectfully submitted,

              /s/

              _____

              Mark S Zaid, Esq.
              D.C. Bar #440532
              Bradley P. Moss, Esq.
              D.C. Bar #975905
              Mark S. Zaid, P.C.
              1250 Connecticut Avenue, N.W.
              Suite 200
              Washington, DC 20036
              (202) 454-2809
              (202) 330-5610 fax
              Mark@MarkZaid.com
              Brad@MarkZaid.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES MADISON PROJECT et al. | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | |
| | * | |
| CENTRAL INTELLIGENCE AGENCY | * | Civil Action No. 07-2306 (RBW) |
| | * | |
| Defendant | * | |

* * * * * * * * * * * *

## ORDER

Upon consideration of plaintiffs' Nunc Pro Tune Motion for Extension of Time to Submit Opposition to Defendant's Motion to Stay Proceedings, and it appearing that the relief prayed is just and appropriate, it is this _____ day of July 2008,

ORDERED, that plaintiffs' Motion is granted; and

FURTHER ORDERED, that the plaintiffs' brief is hereby deemed properly filed; and

FURTHER ORDERED, that the defendant has up to on or before _____, 2008, to submit its Reply brief.

_____
UNITED STATED DISTRICT JUDGE