IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE JAMES MADISON PROJECT, )<br>and MATTHEW COLE, )<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　　Plaintiffs, )<br>　　　　　　　　　　　　　　　　　　)<br>　　v. )<br>　　　　　　　　　　　　　　　　　　)<br>CENTRAL INTELLIGENCE AGENCY, )<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　　Defendant. )<br>　　　　　　　　　　　　　　　　　　) | Case No. 1:07cv02306 (RBW) |

### DEFENDANT'S OPPOSITION TO PLAINTIFFS' NUNC PRO TUNC MOTION FOR AN EXTENSION OF TIME TO SUBMIT OPPOSITION TO DEFENDANT'S MOTION FOR A STAY OF PROCEEDING

### INTRODUCTION

On June 9, 2008, defendant Central Intelligence Agency ("CIA") filed its opening brief in support of a stay of proceedings in this Freedom of Information Act ("FOIA") case, and plaintiffs' opposition was initially due on June 23, 2008. Counsel for plaintiffs had informed counsel for defendant that the plaintiffs opposed this motion. Plaintiffs, however, did not file an opposition on June 23, but instead the following day filed a motion for an extension of time until July 7, 2008 to respond to defendant's motion, and until July 21, 2008 for defendant to file its reply. Plaintiffs' Nunc Pro Tunc Motion for an Extension of Time To Respond to Defendant's Motion for a Stay of Proceedings (June 24, 2008), Docket #8. In their motion, plaintiffs stated: "To be perfectly candid, however, while the plaintiffs would have respectfully sought an extension of time to respond under the circumstances, this deadline simply escaped notice until today. It is not counsel's practice to file late motions and all efforts will be undertaken to assure it does not happen again." Id. On June 30, 2008, this Court granted plaintiffs' motion for extension of time.

Plaintiffs did not file their opposition to defendant's motion for stay on July 7, when it was due, and instead sought to file it on July 21, 2008, the due date for defendant's reply brief, and after defendant had filed its reply. Simultaneous with the filing of their opposition, plaintiffs filed a second Nunc Pro Tunc Motion for an Extension of Time to Submit Opposition to Defendant's Motion For a Stay of Proceedings. Their sole reason for failing to file their opposition was "their inexcusable failure to appropriately maintain their calendar schedules." Pls' Mot. 1. This was despite the fact that they themselves had filed the motion for extension seeking until July 7 by which to file their opposition. This reason does not constitute "excusable neglect" under Fed. R. Civ. P. 6(b), and plaintiffs' motion should be denied.

In addition, as plaintiffs have known since June 24, undersigned counsel is scheduled to go out on maternity leave at the end of August. See Ex. 1. This motion for extension and the possible late filing of plaintiffs' brief significantly complicate her ability to wrap up her cases prior to that time. It may be, therefore, that if plaintiffs' motion is granted, and their opposition to defendant's motion for stay is accepted for filing, that the defendant could then need a lengthy extension in order to give new counsel time to get up to speed. Thus, if plaintiffs' motion is granted, defendant initially seeks three weeks after the date of the grant of the motion by which to file a reply in further support of its motion for stay.[1] If, however, undersigned counsel goes on maternity leave prior to the date by which defendant's reply brief (if any) is due, defendant may well have to seek a further, and more lengthy, extension by which to file its reply.

---

[1] Plaintiffs indicated in their motion that they would not oppose this time period. See Pls' Mot. 3.

**ARGUMENT**

As set forth in Defendant's Reply in Support of Motion for Stay, which was filed on July 21, 2008 (the date set by order of the court), and before plaintiffs' opposition was filed, Federal Rule of Civil Procedure 6(b) governs extensions of time for filings in the district court. That rule provides that if the time for filing has expired (as it has in this case), "the court may, for good cause, extend the time . . . on motion made . . . if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In this case, plaintiffs have not shown "excusable neglect," and the Court should deny their motion for extension as a result.

Institute for Policy Studies v. Central Intelligence Agency, 246 F.R.D. 380 (D.D.C. 2007), is on point here. In that case, the defendant filed an opposition to the plaintiff's motion for discovery four days late. Id. at 382. After the court struck the opposition, "noting that it was untimely and not accompanied by a motion for enlargement evidencing excusable neglect pursuant to what was then Rule 6(b)(2) of the Federal Rules of Civil Procedure and Smith v. District of Columbia," the defendant filed an unopposed motion to extend nunc pro tunc, seeking that its opposition be accepted by the court, and explaining that its untimeliness was due to an "inadvertent [] mis-calendaring of the due date." Id. The court, however, denied the motion to extend, stating that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect" under Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993), and as a result, that the "inadvertent [] mis-calendaring" did not constitute excusable neglect under Rule 6(b). Institute for Policy Studies, 246 F.R.D. at 384 (collecting cases showing that "[t]he case law from this court is replete with examples of untimely filings being rejected where the only triggering Pioneer factor was, as is the case here, a

mistake made by counsel"). Similarly, here, where plaintiffs have stated only that they simply overlooked the due date for the motion (for the second time) – a date that they themselves requested – they have shown no excusable neglect, and the Court should not entertain any late response by plaintiffs.

## CONCLUSION

For the foregoing reasons, plaintiffs' second motion for extension of time should be denied. If plaintiffs' motion is granted, and plaintiffs' opposition to defendant's motion for stay of proceedings is accepted for filing, defendant seeks three weeks from the date of the grant of the motion for extension by which to file its reply.

Dated: July 24, 2008

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director


 /s/ Vesper Mei
VESPER MEI
(D.C. Bar No. 455778)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
Post Office Box 883
Washington, D.C. 20044
Telephone: (202) 514-4686
Facsimile: (202) 616-8470 (fax)
E-mail: vesper.mei@usdoj.gov
Counsel for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| THE JAMES MADISON PROJECT,<br>and MATTHEW COLE,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CENTRAL INTELLIGENCE AGENCY,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)   Case No. 1:07cv02306 (RBW)<br>)<br>)<br>)<br>)<br>) |

**[DEFENDANT'S PROPOSED]
ORDER DENYING PLAINTIFFS' NUNC PRO TUNC
MOTION FOR AN EXTENSION OF TIME TO SUBMIT OPPOSITION TO
DEFENDANT'S MOTION FOR A STAY OF PROCEEDING**

　　Plaintiffs' nunc pro tunc motion for extension of time to submit opposition to defendant's motion for a stay of proceeding is denied.

　　SO ORDERED.

Dated: _____    _____
　　　　　　　　　　　　　　　　　　REGGIE B. WALTON
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Case 1:07-cv-02306-RBW    Document 12-2    Filed 07/24/2008    Page 2 of 2