**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JAMES MADISON PROJECT, et al., ) ) Plaintiffs ) ) vs. ) ) CENTRAL INTELLIGENCE AGENCY, ) ) Defendant ) ) | Civil Action No. 07-cv-2306 (RBW) |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL EXPEDITED RELEASE OF ALL RESPONSIVE RECORDS AND/OR PRODUCTION OF VAUGHN INDEX**

**INTRODUCTION**

Plaintiffs James Madison Project and Matthew Cole seek an order compelling Defendant Central Intelligence Agency (CIA) to release records responsive to their Freedom of Information Act (FOIA) requests within 30 days and to simultaneously produce a <u>Vaughn</u> index[1] detailing all withholdings. The plaintiffs' motion should be denied, because until February 28, 2009, both the proceedings in this litigation and the processing of the plaintiffs' FOIA requests by the CIA were stayed by the Court at the request of the Acting United States Attorney John Durham, who is supervising a criminal investigation into the destruction of interrogation tapes by the CIA. Although processing of the plaintiffs' FOIA requests has resumed with the expiration of the stay, processing is not complete, and immediate release of documents and immediate production of a <u>Vaughn</u> submission is neither required nor practicable. While the CIA has granted expedited

---

[1] A <u>Vaughn</u> index is a description of the withheld document or portion of a document sufficient to allow the party challenging the withholding to contest the agency's basis for withholding. <u>Vaughn v. Rosen</u>, 484 F.2d 820, 827 (D.C. Cir. 1973).

treatment to plaintiff Cole's FOIA request, expedited treatment only affects the priority of a FOIA request relative to other requests; it does not guarantee any specific time frame for processing. The CIA is working to complete the processing of the plaintiffs' FOIA requests as soon as practicable and intends to release any documents that are subject to release as soon as processing is complete. The Court should not require the CIA to complete processing according to an accelerated schedule dictated by the plaintiffs. Furthermore, the CIA will produce a <u>Vaughn</u> submission in the event that this case continues to summary judgment proceedings. A defendant agency's <u>Vaughn</u> submission is ordinarily filed with its motion for summary judgment, and an order compelling the filing of a <u>Vaughn</u> submission before summary judgment proceedings would be premature.

## BACKGROUND

This civil action concerns requests submitted by the plaintiffs under the Freedom of Information Act (FOIA) seeking documents pertaining to the Central Intelligence Agency's destruction of videotapes of the interrogations of detained terrorism suspects. Plaintiff James Madison Project filed its request on December 9, 2007, and plaintiff Matthew Cole filed a substantially similar FOIA request on December 27, 2007. First Am. Compl. ¶¶ 22, 37 (dkt. no. 5); Answer ¶¶ 22, 37 (dkt. no. 6). By letter dated January 11, 2008, the CIA granted a request for expedited processing of plaintiff Cole's request. First Am. Compl. ¶ 40; Answer ¶ 40.

In early 2008, counsel for the plaintiffs contacted counsel for the defendant seeking an estimate of the time needed to complete processing of the plaintiffs' FOIA requests. Counsel for the defendant indicated that the defendant had not yet identified all responsive documents but estimated that the processing and release of documents would be complete in approximately six months. <u>See</u> Opp'n to Def.'s Mot. for a Stay of Proceedings Ex. 1-B (dkt. no. 11).

On June 9, 2008, at the request of prosecutors conducting a federal criminal investigation into the CIA's destruction of the tapes, the defendant filed a motion seeking a stay of proceedings until December 2008.  Defs.' Mot. for a Stay of Proceedings (dkt. no. 7).  The motion sought a stay of litigation proceedings as well as a stay of the defendant's obligation to proceed with the processing of the plaintiffs' FOIA requests, in light of an assessment by Acting United States Attorney John Durham that processing of the plaintiffs' FOIA requests could compromise the investigation.  On December 31, 2008, the defendant filed a supplement providing an update on the status of the investigation and seeking a further stay until February 28, 2009.  Def.'s Supplement to Def.'s Mot. for a Stay of Proceedings (dkt. no. 17).  On January 7, 2009, the Court granted the defendant's motion as modified by the defendant's supplemental filing.  Order (Jan. 7, 2009) (dkt. no. 19).  Pursuant to the Court's order and the request of the prosecution team, the CIA suspended processing of the plaintiffs' FOIA requests while this stay was in effect.  The CIA has now resumed processing of the plaintiffs' FOIA requests.  However, the CIA is not yet able to provide an accurate estimate of the time needed to process the plaintiffs' FOIA requests, because the CIA has not yet completed the process of searching for documents responsive to the plaintiffs' FOIA requests and therefore does not know the number of documents that will need to be processed.[2]  The CIA will provide the Court and the plaintiffs

---

[2] At the January 6, 2009, hearing on defendant's motion for stay, the Court inquired whether documents responsive to the plaintiffs' FOIA requests were being collected or reviewed in conjunction with the criminal investigation.  See Tr. of Proceedings at 8:22–10:17 (dkt. no. 20).  Although the subject matter of the investigation, as described in Acting United States Attorney Durham's declarations, overlaps closely with the subject matter of the plaintiffs' FOIA requests, the criminal investigation and the processing of the plaintiffs' FOIA requests are of course separate tasks that serve different purposes and are subject to different legal and practical constraints.  The Department of Justice and CIA attorneys assisting in the defense of this FOIA litigation were not involved in any collection or review of documents in conjunction with the criminal investigation.  The CIA has not yet determined whether any collection or review of documents completed in conjunction with the criminal investigation will result in any savings of

with information on the time needed to complete processing as soon as possible.

## ARGUMENT

I.  **The CIA's Grant of Expedited Processing Does Not Entitle the Plaintiffs to Dictate an Accelerated Schedule for Processing of Their FOIA Requests.**

The plaintiffs argue that the Court should order the CIA to produce all responsive records in 30 days because the CIA has granted expedited processing of plaintiff Cole's FOIA request, which is identical to plaintiff James Madison Project's FOIA request.

The first problem with the plaintiffs' motion is that it fails to identify any legal authority for the relief it seeks. The motion should be denied on that basis alone. See D.D.C. Local Civ. R. 7(a) (requiring that a motion must "include or be accompanied by a statement of the specific points of law and authority that support the motion"); Arizona v. Shalala, 121 F. Supp. 2d 40, 46 n.4 (D.D.C. 2000) (declining to consider a motion because of movant's failure to cite authority in support of the motion).

The terms of FOIA itself do not provide any basis for the relief the plaintiffs seek. The expedited processing provisions of FOIA do not dictate a specific, compressed schedule for the processing of expedited requests; rather, the statute directs an agency to "process as soon as practicable any request for records to which the agency has granted expedited processing." 5 U.S.C. § 552(a)(6)(E)(iii) (emphasis added); see also 32 C.F.R. § 1900.34 (providing that expedited processing constitutes an exception to the ordinary rule of "first-in, first-out" processing). Requests granted expedited treatment must be processed ahead of other requests that have not been granted expedited treatment, and must be processed as soon as practicable, but a grant of expedited treatment does not entitle a FOIA requester to dictate a schedule for

---

time or labor in the processing of the plaintiffs' FOIA requests.

processing.

A Senate Judiciary Committee report explained the expedited processing provisions as follows:

> Once . . . the request for expedited access is granted, the agency must then proceed to process that request "as soon as practicable." No specific number of days for compliance is imposed by the bill since, depending upon the complexity of the request, the time needed for compliance may vary. The goal is not to get the request for expedited access processed within a specific time frame, but to give the request priority for processing more quickly than otherwise would occur.

Electronic Freedom of Information Improvement Act of 1995, S. Rep. No. 104-272 at 18 (1996), available at 1996 WL 262861. Accordingly, this Court has recognized that when expedited treatment is warranted, the statute requires that documents be released "as soon as practicable." See, e.g., ACLU v. U.S. Dep't of Justice, 321 F. Supp. 2d 24, 38 (D.D.C. 2004) (reversing agency's denial of expedited processing and ordering the agency to "process plaintiffs' request . . . consistent with 5 U.S.C. § 552(a)(6)(E)(iii) and [the Department of Justice FOIA regulation governing expedited processing]"); see also Elec. Frontier Found. v. Dep't of Justice, No. 06-cv-1773, at 10 (D.D.C. Sept. 27, 2007) (Walton, J.) (agreeing with defendant's statement that "a finding that a request warrants expedited treatment does not mean that the request can or should be processed within a specified time frame or on a schedule dictated by the individual or organization who made the FOIA request").

**II.  The Court Should Not Require Immediate Production of a Vaughn Submission, Because Such a Requirement Would Be Premature at This Stage of the Litigation.**

The plaintiffs' request that the Court compel production of a Vaughn index is also inappropriate, because an agency ordinarily files a Vaughn submission in conjunction with a motion for summary judgment. The filing of a Vaughn submission before the agency has even completed processing of the plaintiffs' FOIA requests is premature. The plaintiffs have not

5

presented any reason for the Court to depart from FOIA practice by compelling production of a Vaughn submission at this early stage of litigation

In a FOIA case, the government has the burden of proving that its withholding of certain documents or portions of certain documents was justified. 5 U.S.C. § 552(a)(4)(B). As part of meeting this burden, the government usually provides a Vaughn submission. See Vaughn v. Rosen, 484 F.2d 820, 827 (D.C. Cir 1973). Generally, a district court's de novo review of an agency's claimed exemptions occurs in the context of the government's motion for summary judgment; the court determines whether the agency has met its burden by showing that the withheld documents are exempt from disclosure under the FOIA. See Summers v. Dep't of Justice, 140 F.3d 1077, 1080 (D.C. Cir. 1998). Thus, the standard practice in FOIA litigation is to allow the agency to file a dispositive motion along with its explanations for the claimed exemptions.

The "purpose of the [Vaughn] index is to afford the FOIA requester a meaningful opportunity to contest, and the district court an adequate opportunity to review, the soundness of the withholding." Fiduccia v. U.S. Dep't of Justice, 185 F.3d 1035, 1042 (9th Cir. 1999) (internal quotation marks omitted). Courts therefore generally do not require an agency to produce such an index before the government files a dispositive motion, and courts have denied motions to compel the preparation of a Vaughn index prior to such time as premature. See, e.g., Miscavige v. IRS, 2 F.3d 366, 369 (11th Cir. 1993) ("The plaintiff's early attempt in litigation of this kind to obtain a Vaughn index . . . is inappropriate until the government has first had the chance to provide the court with the information necessary to make a decision on the applicable exemptions."); Long v. Dep't of Homeland Sec., 436 F. Supp. 2d 38, 44 (D.D.C. 2006) (holding that plaintiffs' request for an order "requiring the agency to process [plaintiffs'] requests within

6

twenty days and to produce a <u>Vaughn</u> index within ten days thereafter [was] premature" given that the Government had not yet had a chance to review its files and prepare and file a dispositive motion); <u>Edmond v. U.S. Attorney</u>, 959 F. Supp. 1, 5 (D.D.C. 1997) ("Plaintiff's request for a <u>Vaughn</u> Index is premature since the government has not yet processed Plaintiff's FOIA request and has not determined the extent of disclosure. It is well settled that <u>Vaughn</u> Indexes are generally unavailable until after the agency has decided the extent of disclosure. It would make no sense to require the government to produce a <u>Vaughn</u> Index before the government has processed Plaintiff's FOIA request." (citations omitted)); <u>U.S. Comm. on Refugees v. Dep't of State</u>, 1992 WL 35089, at *1 (D.D.C. 1992) ("The preparation of a <u>Vaughn</u> index is unwarranted before the filing of dispositive motions in FOIA actions because 'the filing of a dispositive motion, along with detailed affidavits, may obviate the need for indexing the withheld documents.'"); <u>Stimac v. U.S. Dep't of Justice</u>, 620 F. Supp. 212, 213 (D.D.C. 1985) ("[T]he preparation of a <u>Vaughn</u> Index would be premature before the filing of dispositive motions."). Practically speaking, it is a waste of the parties' and the Court's resources to be embroiled in a dispute over a <u>Vaughn</u> submission before summary judgment proceedings begin. Moreover, Plaintiffs' motion does not allege that there is any exceptional need or urgency that would necessitate the production of a <u>Vaughn</u> index before the government files a motion for summary judgment in this case.

As is its usual practice in a FOIA case, the Government will submit a <u>Vaughn</u> index together with its motion for summary judgment. Plaintiffs provide no reason why this case should proceed any differently. Plaintiffs' motion to prematurely compel production of a <u>Vaughn</u> submission should be denied.

## **CONCLUSION**

For the reasons above, Plaintiffs' Motion to Compel Expedited Release of All Responsive Records and/or Production of Vaughn Index should be denied.

Dated: March 14, 2009                                  Respectfully submitted,

                                                          MICHAEL F. HERTZ
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO
Deputy Director

/s/ JAMES C. LUH
JAMES C. LUH
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave NW
Washington DC 20530
Tel: (202) 514-4938
Fax: (202) 616-8460
E-mail: James.Luh@usdoj.gov
Attorneys for Defendant