UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE JAMES MADISON PROJECT et al., | * |
| Plaintiffs | * |
| v. | * Case No. 07-2306 (RBW) |
| CENTRAL INTELLIGENCE AGENCY | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL EXPEDITED RELEASE OF ALL
RESPONSIVE RECORDS AND/OR PRODUCTION OF VAUGHN INDEX**

In a Freedom of Information Act ("FOIA") lawsuit very similar to this one, ACLU v. DoD et al., 339 F. Supp. 2d 501 (S.D.N.Y. 2008), the Honorable Alvin Hellerstein introduced his opinion by stating:

> Ours is a government of laws, laws duly promulgated and laws duly observed. No one is above the law: not the executive, not the Congress, and not the judiciary. See e.g., Youngstown Sheet and Tube, et al. v. Sawyer, 343 U.S. 579, 96 L. Ed. 1153, 72 S. Ct. 863, 62 Ohio Law Abs. 417 (1952). One of our laws is the Freedom of Information Act (FOIA). That law, no less than any other, must be duly observed.

ACLU, 339 F.Supp.2d at 502.

The plaintiffs The James Madison Project, a non-profit corporation, and Matthew Cole, an investigative journalist, (collectively "JMP"), filed this lawsuit nearly *15 months ago* seeking five categories of records pertaining to the defendant Central Intelligence Agency's ("CIA") decision to destroy videotapes of the interrogations of at least two high-profile terrorist suspects and its subsequent conduct pertaining to obligations to produce records related to those interrogations.

The plaintiffs have been forced to seek an order from this Court to compel the expedited release of responsive records. Indeed, all that is, in fact, being sought is to require the CIA to abide by its own promise to expedite the processing of the plaintiffs' FOIA requests. See Memorandum of Points and Authorities in Support of Plaintiffs' Motion to Compel Expedited Release of All Responsive Records and/or Production of <u>Vaughn</u> Index at Exhibit "2" (filed March 5, 2009). As the law makes clear, the CIA was required under FOIA to "determine within 20 days … after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor …." 5 U.S.C. § 552(a)(6)(A)(i). In 1996, Congress amended FOIA and required agencies to provide for expedited processing of requests for records in certain cases. 5 U.S.C. § 552(a)(6)(E)(i). On its face this would imply that expedited processing would necessarily require compliance in fewer than 20 days, but, as the CIA points out, Congress provided that an agency was to "process as soon as practicable" any expedited request. 5 U.S.C. § 552 (a)(6)(E)(iii).

What, then, is "practicable"?

Contrary to the CIA's criticism, the plaintiffs are dictating nothing. They are, however, respectfully seeking this Court to exercise its' authority under FOIA and compel the CIA to fulfill its legal obligations, and have merely suggested that 30 days is an appropriate and reasonable time frame. For one thing, it is common practice, whether expedited processing is involved or not, for the parties – both plaintiff and defendant – to propose a time frame for the Court's consideration in deciding what release schedule will be imposed upon an agency.

The problem facing both this Court and the plaintiffs at this stage of this case is that the CIA has done nothing but drag its feet on this issue. Here it was, faced by plaintiffs' Motion and just

hours away from a scheduled status conference before the Court, with an opportunity to set forth in detail what actions it has undertaken to date, and when it expects to release responsive information. Instead, the CIA offers little to nothing of substantive value. No suggestions. No proposals. Nothing. The CIA's continuing delay of this case should be interpreted as nothing less than "tantamount to denial." H. Rep. No. 876, 93d Cong., 2d Sess., *reprinted in* 1974 U.S. Code Cong. & Admin. News, 6267, 6271.

It should be noted, of course, that the CIA mistakenly believes that it was relieved of any obligation to abide by FOIA's statutory requirements due to the existence of Acting United States Attorney John Durham's criminal investigation. In response to Mr. Durham's request the CIA filed a Motion to Stay the proceedings on June 9, 2008. A supplemental Motion was filed on December 31, 2008. This Court, however, did not grant a stay *until* January 6, 2009. Before that time the CIA had no lawful authority or legal excuse to refuse to process the plaintiffs' FOIA requests. To believe otherwise was at its' own peril. But beyond the fact that the stay in this 15 month old case only extended a little more than 7 weeks, the CIA has failed to explain what was occurring during the seven months prior to the CIA's actual request to seek a stay of proceedings, particularly since it had informed the plaintiffs' counsel in or around March 2008 that it would complete processing and release all responsive records by September 2008.

Thus, certain questions should be posed to the CIA and its counsel at the status conference of March 17, 2009, including, but not limited to:

- Why has the CIA not provided to this Court a proposed processing and release schedule?

- Why have no CIA officials submitted any sworn declarations detailing the work they have performed or will be performing to comply with the law?

- Why has the CIA submitted information to the U.S. District Court for the Southern District of New York proposing time frames for the processing of similar FOIA requests submitted by the ACLU, yet provided absolutely nothing to this Court or the plaintiffs in this matter? See Exhibit "1".

- Why has the CIA released responsive information to the ACLU in a similar FOIA case but not one sentence to the plaintiffs in this case who, in fact, have been granted expedited processing? See Exhibit "2"

In considering the plaintiffs' Motion, this Court need not create new policies or new law, nor even tread down a path unaccompanied. Judge Hellerstein, in considering identical issues in the ACLU CIA record destruction FOIA lawsuit, believed *30 days from the date of his Order* was an appropriate amount of time for the CIA to comply. He stated:

> I order that by October 15, 2004 defendants must produce or identify all responsive documents. Identification of documents that are not produced shall include: author; addressee; date; and subject matter. Documents that cannot be identified to plaintiffs because of their classified status shall be identified in camera on a log produced to the court, providing the document's classification status and justification thereof. Defendants shall provide the relation of all documents produced or identified to plaintiffs' specific request. Also by October 15, 2004, defendants shall provide plaintiffs with a declaration, as specified in Vaughn v. Rosen, 157 U.S. App. D.C. 340, 484 F.2d 820 (D.C. Cir. 1973), stating justification for non-production of documents itemized in plaintiffs' August 16, 2004 request.
>
> This schedule provides a reasonable time for the government to respond to plaintiffs' requests. Many defendant agencies have indicated an ability to comply fully with plaintiffs' requests in far less time. Should the government find that it is unable, for good and specific reasons, to comply fully with the ordered schedule, ongoing production of responsive documents as earlier promised by the government will be taken as an indication of good faith, and will be considered in relation to any request for a further enlargement by the government.

ACLU, 339 F.Supp.2d at 505.

The plaintiffs in this case seek, at a minimum, only to be treated similarly.

Date: March 17, 2009

                                                Respectfully submitted,

                                                          /s/
                                          _____
                                          Mark S. Zaid, Esq.
                                          D.C. Bar #440532
                                          Bradley P. Moss, Esq.
                                          D.C. Bar #975905
                                          Mark S. Zaid, P.C.
                                          1250 Connecticut Avenue, N.W.
                                          Suite 200
                                          Washington, D.C. 20036

                                          Counsel for Plaintiffs