# EXHIBIT "1"



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

March 6, 2009

BY HAND DELIVERY
Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street, Room 1050
New York, New York 10007-1312

        Re:    ACLU, et al., v. Department of Defense, et al., No. 04 Civ. 4151 (AKH)

Dear Judge Hellerstein:

        We write with the Central Intelligence Agency's proposed schedule for the production of the information contemplated in the August 20, 2008 Order Regulating Proceedings.

        Point 1 requires the production of a "list identifying and describing each of the destroyed records." We are enclosing a redacted version of an inventory of the destroyed videotapes. The redacted portions of the inventory are classified and protected from disclosure by statute. We have an unredacted version of the inventory available for the Court's ex parte, in camera review. This inventory identifies the tapes and includes any descriptions that were written on the spines of the tapes. Further descriptions of the contents of the tapes are included in the documents that are being gathered in connection with Point 2.

        Point 2 requires the production of a "list of any summaries, transcripts, or memoranda regarding the records, and of any reconstruction of the records' contents." The CIA will complete this list on or before March 20, 2009. On that same date, the CIA will provide a public version of the list to the Court and Plaintiffs and, if necessary to explain fully the records at issue, will make available a classified version for the Court's ex parte, in camera review.

Hon. Alvin K. Hellerstein
March 6, 2009

   To date, the CIA is not aware of any transcripts of the destroyed videotapes. Regarding summaries, memoranda, or any reconstruction of their contents, the CIA requests an additional two weeks, until March 20, 2009, to produce the list because it is still searching for and identifying the records at issue. Prior to the expiration of the stay on February 28, 2009, the CIA was unable to gather the records because it did not want to jeopardize the criminal investigation into the destruction of the tapes. John H. Durham, the prosecutor leading the criminal investigation, had expressed concern that the memories of potential witnesses might be affected were they to review any records covered by Points 1 and 2 of the August 20, 2008 Order. See e.g., Declaration of John H. Durham, dated December 22, 2008, paragraph 7. The CIA did not know who at the Agency might be considered a potential witness. Therefore, the CIA did not begin gathering the records at issue until after the stay had expired. Given that the search was just begun, covers a variety of different types of records (including cables, memoranda, notes and emails), is ongoing in multiple locations within the CIA, and covers records produced by individuals who have left the Agency, we respectfully submit that an additional two weeks is a reasonable amount of time for the completion of the list required by Point 2.

   Point 3 requires the "[i]dentification of any witnesses who may have viewed the videotapes or retained custody of the videotapes before their destruction." The CIA will complete this list on or before March 20, 2009. To protect classified information and information otherwise protected by statute, the CIA contemplates producing a redacted, public version of the list to the Court and the Plaintiffs. The CIA will make available an unredacted version of the list for the Court's ex parte, in camera review.

   There is no existing list of the witnesses covered by Point 3. The CIA is compiling the list through an ongoing investigation. It is identifying individuals who had access to the tapes and is then determining whether those individuals in fact viewed the tapes or had custody of the tapes. Given that the investigation was just begun and requires interviews with multiple CIA personnel, some of whom are overseas and some of whom have left the Agency, we respectfully submit that an additional two weeks is a reasonable amount of time for the completion of the list required by Point 3.

Hon. Alvin K. Hellerstein
March 6, 2009

      Finally, as promised in our February 27, 2009 letter, we have produced under separate cover to Plaintiffs pages from the CIA Office of Inspector General's Special Review Report that provide additional unredacted information. The unredacted information concerns the number of videotapes that were destroyed.

                                 Respectfully submitted,

                                 LEV L. DASSIN
                                 Acting United States Attorney

By:                              
                                 SEAN H. LANE
                                 PETER M. SKINNER
                                 Assistant United States Attorneys
                                 Telephone: (212) 637-2601
                                 Facsimile: (212) 637-2930

cc:    Amrit Singh, Esq. (by electronic mail)
        Jennifer B. Condon (by electronic mail)